IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

ELDEE DICKERSON,

        Petitioner,

v.

J.E. THOMAS, Warden FCI Sheridan,

        Respondent.

Case No. 11-cv-744-MA

OPINION AND ORDER

ANTHONY D. BORNSTEIN
Federal Public Defender
101 S.W. Main Street, Suite 1700
Portland, OR 97204

    Attorney for Petitioner

DWIGHT HOLTON
United States Attorney
District of Oregon
RONALD K. SILVER
Assistant United States Attorney
United States Attorney's Office
1000 S.W. Third Avenue, Suite 600
Portland, OR 97204-2902

    Attorneys for Respondent

MARSH, Judge

    Petitioner Eldee Dickerson, an inmate at FCI Sheridan, brings this petition for writ of habeas corpus pursuant to 28 U.S.C. §

1 - OPINION AND ORDER

2241. Petitioner alleges that he was denied due process when after failing a drug test, the Bureau of Prisons (BOP) transferred him from a residential reentry center (RRC) to FCI Sheridan and sanctioned him 41 days lost good conduct time (GCT) credits without an adequate hearing. For the reasons set forth below, the petition is DENIED.

## BACKGROUND

Petitioner is serving an 87-month sentence for Distribution of a Controlled Substance. Petitioner's current projected release date is March 8, 2012, via GCT.

On February 10, 2011, while petitioner was designated to the Spokane Residential Reentry Center, the RRC received a report from Redwood Toxicology Laboratory indicating that a urine specimen submitted by petitioner on February 1, 2011 was positive for synthetic cannabinoids, commonly known as "Spice." On February 11, 2011, petitioner was removed from the RRC by the United States Marshal's Service and apparently taken to the Spokane County Jail.

On February 15, 2011, the RRC generated an incident report, indicating a Code 112 violation for use of drugs, in violation of 28 C.F.R. § 541.13. Petitioner was given a copy of the incident report on February 15, 2011. On February 16, 2011, petitioner was given an inmate rights form describing his rights at the Center Discipline Committee (CDC) hearing, which petitioner acknowledged receiving on that date. The inmate rights form includes a

2 - OPINION AND ORDER

provision indicating that the inmate has 20 days to pursue an Administrative Remedy. (Declaration of Frankie Moyers (Moyers Dec.) (#19) Att. 2, p. 1.)

On February 17, 2011, the CDC conducted a hearing on the incident report at the Spokane County Jail. (Moyers Dec. (#19) ¶ 4.) During the CDC hearing, petitioner was afforded the opportunity to call witnesses and present documentary evidence, but declined to do so. Petitioner waived his right to staff representation. (Moyers Dec. (#19) Att. 3, p. 1). During the hearing, petitioner admitted to smoking Spice, but asserted that he was unaware at the time that the cigarette he smoked contained Spice. Based on the toxicology report, the incident report, and petitioner's admission, the CDC found petitioner guilty of the Code 112 infraction. The CDC referred the incident report to the Discipline Hearing Officer (DHO) for sanctions. Petitioner was provided with a written statement of the evidence relied upon and the reasons for the disciplinary decision. (Moyers Dec. (#19) ¶ 4.)

DHO David Perez reviewed the disciplinary records relating to petitioner's incident report. Based on those records, the DHO imposed a sanction of 41 days lost GCT and a disciplinary transfer. On March 17, 2011, petitioner was returned to FCI Sheridan. (Declaration of David Perez (Perez Dec.) (#18) p. 2.)

////

////

3 - OPINION AND ORDER

**DISCUSSION**

In this proceeding, petitioner asserts that the DHO should not have imposed sanctions without holding an additional independent hearing. According to petitioner, the DHO's paper review of the CDC proceeding is invalid under the Due Process Clause of the Fifth Amendment.[1] Petitioner seeks to have the sanctions nullified.

Respondent contends that petitioner received all the process he was due at the CDC hearing and that the sanctions imposed are in accordance with BOP policy and applicable regulations. Moreover, respondent contends that the CDC hearing was based on "some evidence" to find petitioner guilty of the Code 112 violation, and therefore, habeas relief must be denied. Respondent is correct.

**I.   Petitioner's Failure to Exhaust is Excused.**

In general, federal prisoners must exhaust their administrative remedies prior to filing a habeas corpus petition under 28 U.S.C. § 2241. <u>Martinez v. Roberts</u>, 804 F.2d 570, 571 (9th Cir. 1986)(per curiam). Although the exhaustion requirement

---

[1] In his *pro se* petition, petitioner alleges that a Code 112 violation was not the correct charge for possession of Spice. With the benefit of counsel, petitioner appears to have abandoned this argument. In any event, the argument is meritless. Petitioner was charged with use of a drug, based on his failed urinalysis, not possession. Furthermore, petitioner signed an acknowledgment on January 4, 2011, which specifically informed Spokane RRC residents of the Zero Tolerance Policy for the use or possession of Spice and that violating the policy could result in termination from the RRC program and lost GCT credits. (Moyers Dec. (#19) Att. 4, p.1.)

4 - OPINION AND ORDER

is not jurisdictional, this court may dismiss a habeas petition for failure to exhaust administrative remedies.  Id.  Exhaustion may be excused if the administrative remedies are inadequate, futile, or where pursuit of the administrative remedies would cause irreparable injury.  See Laing v. Ashcroft, 370 F.3d 994, 1000-01 (9th Cir. 2004).

Petitioner has not exhausted his administrative remedies. (Declaration of Cecilia Burks (#17) ¶ 5.)  While the court has some concern that petitioner did not diligently pursue his administrative remedies, it is obvious that requiring exhaustion at this juncture would be futile.  Accordingly, petitioner's failure to exhaust is excused in the circumstances of this case.

## II.  Petitioner Was Not Denied Due Process.

In order to obtain relief pursuant to 28 U.S.C. § 2241, petitioner must establish that he is "in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2241(b)(3).  Petitioner asserts that the hearing he received was inadequate under the Due Process Clause of the Fifth Amendment to the Constitution.

It is well established that an inmate must be afforded procedural protections before he can be deprived of a protected liberty interest, which includes good time credits (GTC). Wolff v. McDonnell, 418 U.S. 539, 556-57 (1974); Superintendent v. Hill, 472 U.S. 445, 454 (1984).  However, "[p]rison disciplinary hearings are

5 - OPINION AND ORDER

not part of a criminal prosecution, and the full panoply of rights due a defendant in such proceedings does not apply." Wolff, 418 U.S. at 556.

Due process in prison disciplinary hearings requires: (1) the right to appear before an impartial decision-maker; (2) 24-hour advance written notice of the disciplinary charges; (3) an opportunity, when consistent with institutional safety and correctional goals, to call witnesses and present documentary evidence in his defense; (4) assistance from an inmate representative if the charged inmate is illiterate or complex issues are involved; and (5) a written statement by the factfinder of the evidence relied on and the reasons for the disciplinary action. Wolff, 418 U.S. at 563-77; Hill, 472 U.S. at 454; see also Argento v. Thomas, 2010 WL 3661998, *4 (D. Or. Sept. 17, 2010). The substantive requirements of due process are satisfied where there is "some evidence" to support the decision by the prison disciplinary officials. Hill, 472 U.S. at 454.

The record clearly demonstrates that petitioner received the procedural protections required by Wolff. Petitioner received all the process he was due at the CDC hearing: the decision maker was impartial; he received more than 24 hours notice of the hearing; he was given the opportunity to call witnesses and present documentary evidence-which he declined to do; he declined representation; and

6 - OPINION AND ORDER

he received a written statement of the evidence relied upon and the reasons for the sanctions. (Moyers Dec. (#19) ¶ 4.)

Petitioner does not appear to challenge the sufficiency of the evidence to support the CDC's finding. To the extent that petitioner's petition could be construed to raise such an argument, I conclude that the CDC's decision is supported by "some evidence" in the record. Hill, 473 U.S. at 455-56. The CDC expressly based its decision on the toxicology report indicating the presence of synthetic cannabinoids in the specimen provided by plaintiff; the investigative report by Robert C. Mostek; petitioner's admission to the zero tolerance policy for Spice and admission that he violated that policy; and that petitioner failed to advise staff or his case manager about the Spice in the cigarette. (Moyers Dec. (#19) Att.1, p. 2.)

In this proceeding, petitioner does not argue that the CDC hearing failed to comport with the required procedural due process protections mandated by Wolff. Instead, petitioner asserts that the Due Process Clause requires that he be given a second hearing before the DHO prior to the imposition of sanctions. Petitioner argues that had he been given a second, independent hearing he could have emphasized "important mitigating information." (Brief in Support of Petition (#26) p. 4.) Petitioner contends that he did not have "'any premeditated thoughts about going into the . . . restroom to smoke on the day of the incident.'" (Id. quoting

7 - OPINION AND ORDER

Moyers Dec. (#19), Att. 1, p. 3.) Petitioner submits that due process requires that he have the opportunity to argue directly to the DHO for a lesser penalty. I disagree.

Petitioner's argument is foreclosed by Stevens v. Thomas, Case No. 11-cv-790-MA, 2011 WL 3563131 (Aug. 10, 2011). In Stevens, the petitioner lost 41 days GCT and was returned to prison following a failed drug test while designated to an RRC. In that case, the petitioner received a CDC hearing, with a review by a DHO who imposed more severe sanctions than those recommended by the CDC. In Stevens, I rejected the petitioner's argument that due process required a second, full disciplinary hearing prior to imposing the more severe sanctions:

> Because petitioner was housed in an RRC at the time of the incident, due process is afforded at a CDC hearing, not a DHO hearing. Mazzanti v. Bogan, 866 F. Supp. 1029, 1033 (E.D. Mich. 1994); accord Harris v. Norwood, 2008 WL 5377647, *1 (C.D. Cal. Dec. 16, 2008)(no due process violation where petitioner at RRC given CDC hearing, with review by DHO prior to sanctions of GCT credits loss and disciplinary transfer). See Community Corrections Manual, BOP Program Statement 7300.09, p. 18-19, *available at* www.bop.gov/DataSource/execute/dsPolicyLoc (disciplinary procedures used by CDCs must adhere to Wolff). As one court aptly stated, "Wolff does not mandate that [p]etitioner be granted two hearings[,] one before the CDC and one before the DHO." Rini v. Nash, 2005 WL 2033689, *3 (D.N.J. Aug. 22, 2005).
> Stevens, 2011 WL 3563131, at *4.

As petitioner acknowledges, he presented the mitigating information to the CDC, and the fact that petitioner was remorseful and cooperative was included in the CDC investigative report, which

8 - OPINION AND ORDER

was reviewed by the DHO. Petitioner offers no support for his contention that due process requires petitioner to receive a second opportunity to present the same mitigating evidence. As I held in <u>Stevens</u>, the additional protections advocated by petitioner are simply not required. Accordingly, because petitioner's CDC hearing met the requirements set forth in <u>Wolff</u>, petitioner is not entitled to a second hearing before the DHO. Therefore, petitioner has failed to demonstrate that he is in custody in violation of the Constitution or laws of the United States, and habeas relief is not warranted. 28 U.S.C. § 2241(b)(3).

## CONCLUSION

Based on the foregoing, petitioner's petition for writ of habeas corpus (#1) is DENIED, and this proceeding is DISMISSED, with prejudice.

IT IS SO ORDERED.

DATED this _22_ day of AUGUST, 2011.

　　　　　　　　　　　　　　　　　__/s/ Malcolm F. Marsh_____
　　　　　　　　　　　　　　　　　Malcolm F. Marsh
　　　　　　　　　　　　　　　　　United States District Judge